**Robert Steven HUDSON, Petitioner— Appellant,**

v.

**J. SOLIS, Warden, Respondent— Appellee.**

No. 05–17431.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2007 *.

Filed Feb. 25, 2008.

Steve M. Defilippis, Esq., Picone & Defilippis, San Jose, CA, for Petitioner–Appellant.

Brian G. Walsh, Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Robert Steven Hudson, a California state prisoner, appeals from the district court's judgment denying his habeas corpus petition brought under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") 2003 decision denying him parole. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's decision to deny a habeas corpus petition brought under § 2254, *see Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

Appellee's contention that there is no federally protected liberty interest in parole release in California is foreclosed. *See id.* at 1127–28.

The 2003 decision of the BPT to deny Hudson parole did not violate his due process rights because some evidence supports the BPT's decision. *See Irons v. Carey,* 505 F.3d 846, 851 (9th Cir.2007). Accordingly, the state court's decision rejecting Hudson's claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *see also Irons,* 505 F.3d at 851.

The BPT did not violate the plea agreement when it denied Hudson parole. The plea agreement does not contain a provision promising parole upon certain conditions and the record does not contain evi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence that the parties agreed to such terms. *See Brown v. Poole,* 337 F.3d 1155, 1159–60 (9th Cir.2003) (plea agreements subject to contract law standards of interpretation).

We reject Hudson's assertion that the BPT was biased because Hudson has not presented sufficient evidence to overcome the presumption that the BPT acted with honesty and integrity in reaching its 2003 decision denying him parole. *See Stivers v. Pierce,* 71 F.3d 732, 741 (9th Cir.1995).

**AFFIRMED.**

